**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JANE ANN NOBLITT**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Mar 28 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JAMI M. MARTIN,                                )
                                               )
    Appellant-Defendant,                   )
                                               )
        vs.                            )    No. 03A01-1209-CR-402
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Plaintiff.                    )

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Chris D. Monroe, Judge
Cause No. 03D01-1203-FB-1288

**March 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Jami Martin appeals his sentence for possession of cocaine and maintaining a common nuisance, both Class D felonies. The sole issue presented on appeal is whether his sentence was inappropriate in light of his character and the nature of the offenses. Concluding that the sentence was not inappropriate, we affirm.

## Facts and Procedural History

In March of 2012, Martin was charged with five counts. The relevant counts here were counts four and five. Count five was maintaining a common nuisance as a Class D felony, for knowingly maintaining a building, structure, vehicle, or place that was used one or more times for unlawfully manufacturing, keeping, offering for sale, selling, delivering, or financing the delivery of controlled substances or items of drug paraphernalia. Count four was possession of cocaine as a Class D felony, for two small baggies of cocaine that were found on his person when he was being booked into the county jail on the other charges.

In July 2012, Martin entered into a plea agreement with the State, and that month Martin pleaded guilty to counts four and five pursuant to the open plea agreement. The following month, the court held a sentencing hearing. Martin was sentenced to two-and-one-half years for each count, to run consecutively for a total of five years, with no time suspended. This appeal followed. Additional facts will be supplied as necessary.

## Discussion and Decision

### I. Standard of Review

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied.

## II. Appropriateness of Sentence

### A. Nature of the Offense

We note that the statutory sentencing range for Class D felonies is six months to three years, with the advisory sentence being one-and-one-half years. Ind. Code § 35-50-2-7. Here, Martin pleaded to two Class D felony counts. As to the nuisance count, Martin admitted that he knew that drugs were kept on the premises, but testified that he did not know that drugs were being sold out of the house.[1] There is however some evidence to support the possibility that he was involved in drug sales out of the house, as a book purporting to be a drug ledger was found at the house, and one officer had seen him writing in the book while he was on the phone discussing pills. The trial court noted the extensiveness of the sales operation as a factor in its sentencing decision, although the record does little to tie that operation directly to Martin. That said, there is evidence in the record that Martin may have been involved in selling drugs, as an undercover officer discussed a sale with him and they agreed on a quantity and price, although the sale was never completed.

The second count was based on cocaine that was found on Martin's person when he was being booked on the other charges. At sentencing, the trial court noted that this

---

[1] Martin's live-in girlfriend, Kim Taylor, was also charged based on the underlying events of this case.

appeared to be a small quantity for personal use, as opposed to cocaine that he intended to sell. Thus, the nature of the offenses, as related to Martin, appears to be mildly troubling.

## B. Character of the Offender

At the time of sentencing, Martin had two prior criminal convictions. One was a misdemeanor, and the other was for two felony counts of dealing cocaine. That he has a previous conviction for dealing cocaine is concerning here, where he was found possessing cocaine and there is evidence that he may have been dealing other drugs. He received a twenty year sentence for his prior felony conviction, which was modified to a suspended sentence. However, Martin then violated that probation and was remanded to serve the balance of his sentence. Despite that conviction, we find him involved with drugs again. Additionally, regarding character, there was evidence that he may not have cooperated with giving a handwriting exemplar in this current case. Considering Martin's overall character, as well as the nature of the offenses, we do not agree that the sentence imposed by the trial court was inappropriate.

## Conclusion

Concluding that the trial court's sentence was not inappropriate in light of Martin's character and the nature of the offenses, we affirm.

Affirmed.

MAY, J., and PYLE, J., concur.

4